IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott N. Johnson,<br><br>        Plaintiff,<br><br>    v.<br><br>Murder Burger, LLC, Individually and d/b/a Redrum Burger; and Janis H. Schacherbauer, Individually and as Trustee of the Schacherbauer Revocable Family Trust,<br><br>        Defendants.<br>_____ | 2:11-cv-00926-GEB-JFM<br><br>ORDER TO SHOW CAUSE AND CONTINUING FINAL PRETRIAL CONFERENCE |

        The July 22, 2011 Status (Pretrial Scheduling) Order scheduled a final pretrial conference in this case for January 14, 2013, and required the parties to file a joint final pretrial statement "no later than seven (7) days prior to the final pretrial conference." (ECF No. 11, 3:12-13.) No joint final pretrial statement was filed as required.

        Therefore, the parties are Ordered to Show Cause ("OSC") in a writing to be filed no later than January 18, 2013, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely final pretrial statement. The written response shall also state whether the parties or their counsel are at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of
(continued...)

1

1  February 11, 2013, at 11:00 a.m., just prior to the final pretrial
2  conference, which is rescheduled to that date and time. A joint final
3  pretrial statement shall be filed no later than seven (7) days prior to
4  the final pretrial conference.
5      IT IS SO ORDERED.
6  Dated:  January 10, 2013

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    Senior United States District Judge

---

¹(...continued)
Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2